IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLOS BALDRIDGE,

    Plaintiff,                             18cv1407
                                              **ELECTRONICALLY FILED**

       v.

GEICO INSURANCE COMPANY,

    Defendant.

## MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6) (DOC. 6)

      Pending is Defendant Geico Insurance Company's Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 6). Count II of Plaintiff's Complaint is a bad faith claim brought pursuant to 42 Pa.C.S.A.§ 8371. For the reason set forth below, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed.R..Civ.P. 12(b)(6) will be denied.

I. <u>Standard of Review</u>

      A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the Complaint must be accepted as true. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007). A Complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)). <u>See also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the Complaint. *See California Pub. Employees' Ret. Sys. v. Chubb Corp.,* 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 556 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D. Del.) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips,* 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556 n. 3).

The United States Court of Appeals for the Third Circuit expounded on the *Twombly/Iqbal* line of cases:

> To determine the sufficiency of a complaint under *Twombly* and *Iqbal*, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010)). The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. *Swope v. City of Pittsburgh*, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015) (citing *Oatway v. American Intern. Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003)).

II.  Factual Allegations in Plaintiff's Complaint Relevant to 42 Pa.C.S.A.§ 8371 Bad Faith Claim

Plaintiff was seriously injured in an automobile accident in which he was not at fault. (Doc. 1-2, ¶¶ 7-8).  As a result of the accident, Plaintiff underwent two right rotator cuff surgeries, meniscal repair surgery, and partial and total knee replacement surgeries.  (Id., ¶ 9). He has been and will be required to expend large sums of monies for medical treatment and care, hospitalizations, medical supplies, surgical appliances, rehabilitation and therapeutic treatments, medications, and other attendant services. (Id.) Plaintiff had been a commercial truck driver at the time of the accident, but has not been able to work since the accident in 2014, which has resulted in a loss of earnings/earning capacity of over $1,0000,000, not including wage and benefit increases. (Id.)

The person responsible for the accident was underinsured. (Id., ¶ 12). Plaintiff settled with the tortfeasor's insurance company for $50,000, the tortfeasor's policy limit. (Id. ¶ 11).

At the time of the accident, Plaintiff had an insurance policy with Defendant which provided Plaintiff with underinsured motorist coverage ("UIM") per accident of $250,000 ("the Policy"). (Id., ¶ 14).  On November 17, 2017, through counsel, Plaintiff proffered a policy confirmation, as well as medical records, a police report, and an economic report to Defendant, and demanded the UIM policy limits. (Id., ¶ 15). Three months elapsed before Defendant,

3

through counsel, in February 2018, contacted Plaintiff's counsel concerning Plaintiff's UIM claim. (Id., ¶ 16). Thereafter, until Defendant abruptly denied the claim for UIM benefits under the Policy on September 25, 2018, Plaintiff and his counsel voluntarily provided and otherwise fully complied with all requests by Defendant for medical records, a sworn statement by Plaintiff, an independent medical evaluation, and other information. (Id., ¶¶ 17-31). All information provided supported that Plaintiff's injuries and resultant damages were solely caused by the automobile accident covered under the Policy. (Id., ¶ 44).

III. Discussion

"To prevail in a bad faith insurance claim pursuant to [42 Pa.C.S.A.] Section 8371, a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Washington Nat'l ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). Plaintiff alleged in his Complaint that he was seriously injured in an automobile accident and has not been able to work in more than four years, and as a result thereof, has suffered damages in excess of $1,000,000. Plaintiff further alleged in his Complaint that he provided Defendant with medical records that supported that his injuries/damages were caused solely by the automobile accident, but, nevertheless, Defendant refused to make any payment under the UIM benefits provision of the Policy. Based upon these factual allegations and all reasonable inferences therefrom, the Court finds that Plaintiff has sufficiently alleged facts from which it is plausible to find both that Defendant lacked a reasonable basis for its denying Plaintiff's claim for UIM benefits under the Policy, and that Defendant knew or recklessly disregarded its lack of a reasonable basis in denying the claim. Defendant's Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed.R..Civ.P.

12(b)(6) shall be denied. Defendant shall file its answer to Plaintiff's Complaint by December 17, 2018.

SO ORDERED this 3rd day of December, 2018.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge