IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLOS BALDRIDGE,              )
                               )
    Plaintiff,                 )
                               )
    v.                         )
                               )   Civil Action No. 18-1407
GEICO INSURANCE COMPANY,       )
                               )
    Defendant.                 )

## MEMORANDUM OPINION

Presently pending before the Court in this insurance dispute is Defendant Geico Insurance Company's ("Geico") Motion for Partial Summary Judgment. (ECF No. 36). Geico seeks judgment in its favor with respect to the statutory bad faith claim asserted in Count II of Plaintiff Carlos Baldridge's ("Plaintiff") Complaint. (ECF No. 1-2 ("Compl.")).[1] For the reasons that follow, Geico's motion will be denied.

### I. PROCEDURAL HISTORY

Plaintiff commenced this action in June of 2018 by filing a praecipe for writ of summons in the Court of Common Pleas of Allegheny County. Plaintiff subsequently filed the instant Complaint in which he asserts claims for breach of contract (Count I) and statutory bad faith (Count II). After Geico removed the action to this Court, its motion to dismiss the bad faith claim pursuant to Federal Rule of Civil Procedure 12(b)(6) was denied. (ECF No. 12). After the close of discovery, Geico filed the instant motion seeking judgment in its favor on the bad faith claim asserted in Count II. (ECF No. 36).

---

[1] In support of its motion, Geico has submitted a brief, a concise statement of material facts, an appendix, and a reply brief (ECF Nos. 37, 38, 39, 43). Plaintiff has submitted a response to Geico's motion and a brief in opposition with various exhibits. (ECF Nos. 41, 42, 42-1–4).

## II. FACTUAL BACKGROUND[2]

This action arises from a motor vehicle accident involving Plaintiff that occurred on June 10, 2014. (CSMF ¶ 1). Plaintiff settled with the tortfeasor's insurance company for $50,000, which represented the policy limits. (*Id.* ¶ 2). Plaintiff had personal auto insurance through Amica Mutual Insurance Company ("Amica") which included underinsured motorist ("UIM") coverage. (Compl. ¶ 12). Plaintiff and Amica resolved the UIM claim under a confidential settlement agreement. (*Id.*).

At the time of the accident, Plaintiff was also insured under a separate policy with Geico which provided UIM coverage of $250,000 per accident. (Compl. ¶¶ 13, 14). According to the Complaint, on November 17, 2017, Plaintiff's counsel proffered a policy confirmation, as well as medical records, a police report, and an economic report to Geico, and demanded the UIM policy limits.[3] (*Id.* ¶ 15). In February 2018, Geico's counsel contacted Plaintiff's counsel to apprise him that he was representing Geico with respect to Plaintiff's claim. (*Id.* ¶ 16). In a letter dated February 19, 2018, Plaintiff's counsel provided additional medical records and workers' compensation documents, advised Geico of Plaintiff's belief that Geico had no reasonable basis to refuse to pay UIM benefits, and demanded that Geico either pay the policy limits within thirty days, or provide a detailed explanation as to its refusal to pay Plaintiff. (ECF No. 42-1).

---

[2] The facts in this section are drawn from the undisputed allegations in the Complaint and Def's. Concise Statement of Material Facts ("CSMF") (ECF No. 38). Because Plaintiff failed to respond to the CSMF, any material facts therein are admitted. *See* Fed. R. Civ. P. 56(e)(2); W.D. Pa. Local Civ. R. 56(E). Plaintiff has not submitted a counter statement of material facts but where appropriate, the Court references the exhibits that Plaintiff has attached to its brief in opposition. (ECF No. 42-1–4).

[3] In its Answer, Geico does not deny or dispute that the letter or enclosures were sent; it merely alleges that the letter speaks for itself. Geico makes similar responses to Paragraphs 17 to 25 of the Complaint, including allegations regarding its own conduct and correspondence that it sent. *See also* Geico's Answer at ¶¶ 17–25. As such, Geico has not denied the underlying facts alleged in these paragraphs of the Complaint.

In March 2018, Geico's counsel claimed that Plaintiff had granted an extension of time to respond to the policy demand and requested to take a sworn statement of Plaintiff in April 2018. (Compl. ¶ 18). Plaintiff's counsel informed Geico's counsel that Plaintiff had not granted any extensions but agreed to provide the sworn statement. (*Id.* ¶ 19). The day after securing Plaintiff's sworn statement, Geico requested updated medical records, Plaintiff's social security disability application, and any documentation concerning Plaintiffs out-of-pocket expenses. (*Id.* ¶¶ 21, 22).

In May 2018, after providing the requested documents, Plaintiff's counsel again demanded that the policy limits be paid within thirty days. (*Id.* ¶ 24). Geico then scheduled an independent medical examination for July 23, 2018 and requested authorizations to release Plaintiff's diagnostic films. (*Id.* ¶ 25). Plaintiff voluntarily submitted to the independent medical examination and provided the requested medical authorizations to Geico. (*Id.* ¶¶ 21, 22). In August 2018, Geico requested the identities of the medical facilities where Plaintiff underwent diagnostic testing, information which the Plaintiff provided on September 24, 2018. (*Id.* ¶¶ 30). On September 25, 2018, Geico declined to make an offer to settle Plaintiff's claim. (*Id.* ¶ 31).

As part of its Appendix to its motion for summary judgment, Geico has submitted a report dated July 23, 2018, from Robert Waltrip, M.D., who performed the independent medical examination of Plaintiff along with an addendum to that report dated November 8, 2018. (ECF No. 39, Exs. C & D). Dr. Waltrip has opined, to a reasonable degree of medical certainty, Plaintiff required no further care, treatment or limitations as a result of his motor vehicle accident.

According to Geico, Plaintiff conducted no discovery after the lawsuit was filed. However, Plaintiff apparently produced a report dated April 8, 2019, from Gregory Habib, D.O., in which Dr. Habib opines that as of the date of his letter, Plaintiff's medical issues involving his right

shoulder, neck and right knee were a direct result of his motor vehicle accident and Plaintiff was on a "no work" restriction. (ECF No. 39, Ex. E).

### III. STANDARD OF REVIEW

Summary judgment is appropriate when the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact is one that could affect the outcome of litigation. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *N.A.A.C.P. v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The initial burden is on the moving party to adduce evidence illustrating a lack of genuine triable issues. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)). "To prove that no genuine factual issues exist, a movant must present a factual scenario without any 'unexplained gaps.'" *Nat'l State Bank v. Fed. Reserve Bank of New York*, 979 F.2d 1579, 1581 (3d Cir. 1992) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). Once the moving party satisfies its burden, the non-moving party must present sufficient evidence of a genuine issue of material fact that precludes summary judgment. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). When considering the parties' arguments, the court is required to view all facts and draw all inferences in the light most favorable to the non-moving party. *Id.* (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The benefit of the doubt will be given to

allegations of the non-moving party when in conflict with the moving party's claims. *Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 141 n.4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 200 (3d Cir. 1995)).

## IV. DISCUSSION

To prevail on a Pennsylvania bad faith insurance claim, "the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 642 Pa. 153, 156, 170 A.3d 364, 365 (2017). It is well established that Pennsylvania's "bad faith statute extends to the handling of UIM claims." *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 500 (Pa. Super. 2004) (citing *Bonenberger v. Nationwide Mut. Ins. Co.*, 791 A.2d 378, 381 (Pa. Super. 2002)).

As the Third Circuit has explained, "[t]he issue in connection with [statutory bad faith] claims is the *manner* in which insurers discharge their duties of good faith and fair dealing during the pendency of an insurance claim, not whether the claim is eventually paid." *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 499 (3d Cir. 2015) (quoting *Berg v. Nationwide Mut. Ins. Co.*, 44 A.3d 1164, 1178 (Pa. Super. Ct. 2012). The Third Circuit has also recognized that "using litigation in a bad faith effort to evade a duty owed under a policy [is] actionable under [Pennsylvania's bad faith statute]." *W.V. Realty, Inc. v. Northern Ins. Co.*, 334 F.3d 306, 313 (3d Cir. 2003).

Here, according to the undisputed facts in the Complaint (*see supra* n.3), for the eight months between February and September of 2018, Plaintiff voluntarily provided and otherwise fully complied with all requests by Geico for medical records and other information, gave a sworn statement and submitted to an independent medical evaluation. Geico declined to make any offer

5

and ruled Plaintiff to file a complaint in state court. There is no evidence of record regarding how, or if, Geico advised Plaintiff of its denial of coverage (other than ruling Plaintiff to file a complaint) or gave Plaintiff any information about the basis for its decision.

In seeking partial summary judgment, Geico's argument unfolds as follows: (1) Plaintiff has not conducted any discovery to develop or substantiate the allegations in the Complaint with respect to the bad faith claim; (2) therefore that claim necessarily must rest solely on the allegations in the Complaint; (3) because these facts are insufficient as a matter of law to overcome summary judgment, the bad faith claim should be dismissed. (ECF No. 37 at 3, 5). In order to prevail on its motion, however, the initial burden is on Geico as the moving party to adduce evidence illustrating a lack of genuine triable issues with respect to Plaintiff's bad faith claim. As explained below, Geico has not met that burden.

As an initial matter, the Court notes that Geico has not developed any record evidence that refutes the factual allegations in the Complaint regarding its handling of Plaintiff's claim for UIM benefits. Plaintiff's failure to conduct any discovery does not, in and of itself, compel the conclusion that Geico is entitled to judgment as a matter of law with respect to the bad faith claim. Whether the undisputed facts in the Complaint are sufficient for Plaintiff to prove by clear and convincing evidence that Geico acted in bad faith is for the jury to determine.

Next, the Court notes that "[a] reasonable basis is all that is required to defeat a claim of bad faith." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004) (citation omitted). Geico certainly may have had a reasonable basis for evaluating Plaintiff's claim over an eight-month period and then denying it, but there is no record evidence about the basis for its denial and whether it was explained or communicated to Plaintiff. While Geico argues that Plaintiff's "allegations simply describe a disagreement over the value" of his claim, the facts of record at this

point are that Geico took eight months to make a decision, without explanation, for denying the claim. It may well be that it relied upon the results of the independent medical examination or other valid grounds, but the record does not reflect that Dr. Waltrip's report was supplied to Plaintiff or that Geico relied on this report in denying Plaintiff's claim.

In any event, to prevail on its motion on the ground that the parties had a legitimate value disagreement, it is Geico's burden, initially, to point to evidence illustrating not only that there was indeed a disagreement over the value of Plaintiff's claim (as opposed to an outright denial), but also that Geico communicated that disagreement to Plaintiff, for example, by making a counter-offer. Geico has not done so.

Because there are genuine issues of material fact regarding Plaintiff's bad faith claim based upon the current state of the record, Geico is not entitled to judgment as matter of law.

V. **CONCLUSION**

For all of these reasons, Geico's motion for partial summary judgment will be denied. An appropriate order will follow.

BY THE COURT:

Patricia L. Dodge
United States Magistrate Judge

Dated: February 10, 2020