IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS BALDRIDGE,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO INSURANCE COMPANY.<br><br>Defendant. | 2:18-CV-01407-PLD |

**MEMORANDUM ORDER**

This matter comes before the Court with respect to Defendant GEICO Insurance Company's ("Geico") Motion for Reconsideration (ECF No. 49) of the Court's February 10, 2020 Order which denied Geico's Motion for Partial Summary Judgment with respect to Count II of the Complaint (ECF No. 36). For the reasons that follow, Geico's Motion for Reconsideration will be denied.

**I. Relevant Procedural History**

After the close of discovery, Geico moved to dismiss Plaintiff's bad faith claim in Count II of the Complaint. In support of its Motion, Geico filed a brief, a concise statement of material facts and an appendix. Plaintiff submitted a brief in opposition but did not respond to Geico's concise statement or submit a counter statement of material facts.

In a Memorandum Opinion dated February 10, 2020 ("Opinion") (ECF 45), the Court denied Geico's motion for summary judgment as to Count II. Geico's motion for reconsideration followed.

## II. Basis for Denial of Summary Judgment

Geico sought judgment in its favor as a matter of law based upon the following argument: because Plaintiff did not conduct any discovery, his claim in Count II rests solely on the allegations of the Complaint, and these allegations are insufficient as a matter of law to overcome summary judgment.[1] Relying on the expert reports of the parties, Geico characterized the parties' dispute as merely a "legitimate and ongoing value disagreement."

As the Court noted in the Opinion, however, Geico failed to develop any record evidence that would resolve the bad faith claim as a matter of law. The concise statement submitted by Geico referenced the Complaint, quoted various paragraphs in the Complaint, mentioned the underlying accident and the amount of insurance benefits obtained by the Plaintiff from the tortfeasor, discussed the results of an independent medical examination ("IME") conducted on behalf of Geico by Dr. Waltrip and noted certain statements in the expert report of Plaintiff's expert, Dr. Habib. There were no facts submitted about the bad faith allegations in the Complaint. Geico's appendix only included the Complaint, the Court' Order regarding the discovery deadline and the reports of Drs. Waltrip and Habib. Significantly, Geico's submissions lacked any facts or documents about the actual dealings and communications between Plaintiff and Geico that might relate to the bad faith claim.

The Opinion addresses the sufficiency of the Plaintiff's verified factual allegations regarding its bad faith claim. It notes that according the Complaint, for a period of eight months, Plaintiff voluntarily provided and complied with Geico's requests for information, gave a sworn

---

[1] In denying Geico's earlier Motion to Dismiss, District Court Judge Arthur J. Schwab found that Plaintiff had sufficiently alleged facts "from which it is plausible to find both that Defendant lacked a reasonable basis for its denying Plaintiff's claim for UIM benefits under the Policy, and that Defendant knew or recklessly disregarded its lack of a reasonable basis in denying the claim." (ECF No. 12 at 4.)

statement and submitted to an IME. Thereafter, Geico declined to make an offer and ruled Plaintiff to file a complaint.

Further, as referenced in the Opinion, the Complaint alleges that between November 2017 and September 2018, correspondence was exchanged between counsel for the parties regarding various issues. *See* Complaint, ¶¶ 15, 17-25 and 28-31. In its Answer to these paragraphs, Geico responded only that each paragraph "references a document which speaks for itself. Consequently, no response is required." The documents referenced in these paragraphs of the Complaint were not attached to the Complaint as exhibits and none of them were part of the record submitted as part of Geico's summary judgment motion.

There was nothing in the record regarding the basis for Geico's denial or whether Geico advised Plaintiff of the basis for its denial. While Geico characterized the parties' dispute as a mere disagreement about the value of the claim, the record did not support this assertion. The only facts in the record on this issue were that eight months after the claim for coverage was made, Geico declined to make an offer. The reason or reasons for doing so, an issue fundamental to the merits of bad faith claim, was not in the record. Thus, because Geico failed to meet its burden to show that it is entitled to judgment as a matter of law, its motion for partial summary judgment was denied.

**III. Analysis of Motion for Reconsideration**

Geico seeks reconsideration of the order denying its motion for summary judgment based upon Rule 54(b) of the Federal Rules of Civil Procedure, which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In discussing the scope of a district court's discretion to

3

reconsider an interlocutory decision, the Court of Appeals for the Third Circuit has held that while a court may revisit its prior decision, "'…as a rule courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.'" *In re Pharmacy Benefit Managers Antitrust Litig.,* 582 F.3d 432, 439 (3d Cir.2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

A motion for reconsideration is not an appropriate mechanism to relitigate issues the court has already decided, or to ask a district court to rethink a decision it already made. *Williams v. City of Pittsburgh*, 32 F. Supp .2d 236, 238 (W.D. Pa. 1998); *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). Similarly, it is not an opportunity to get a "second bite of the apple" or to advance arguments that a party could have made but chose not to. *Bell v. City of Phila.*, 275 F. App'x 157, 160 (3d Cir. 2008); *Spence v. City of Phila.*, 147 F. App'x 289, 291-92 (3d Cir. 2005); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

In support of its motion, Geico cites to *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). This decision discusses the three-part test utilized to resolve motions for consideration filed under Fed. R. Civ. P. 59(e), which addresses motions to alter or amend a judgment. Under this test, the grounds to be considered are: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. While this is distinct from the court's power to modify an interlocutory order pursuant to Rule 54(b), courts in this district have used this test to resolve motions filed under Rule 54(b), and it will be applied here.

Geico does not contend that there has been an intervening change in the law or that new evidence has become available. Rather, it contends that there is a need to correct clear errors of fact and law. Specifically, Geico asserts that the Court relied upon and accepted as true unverified factual statements in Plaintiff's brief that he was unaware of Geico's position on his UIM claim despite being advised of its position in a letter that was sent to him in September 2018. In that regard, Geico attaches as an exhibit to its motion for reconsideration a letter dated September 25, 2018, from Geico's counsel to counsel for Plaintiff. This letter is neither in the summary judgment record nor referenced by Geico in its motion for summary judgment. Geico further suggests that to the extent the Court's holding implies that Geico was obligated to make a counteroffer not withstanding its valuation of the claim, this is a misapprehension of the law.

Geico's arguments are without merit. While the Court certainly agrees that unsupported and unverified statements in Plaintiff's opposition brief are not evidence, there was no reason to even reach, let alone consider, these statements given Geico's failure to demonstrate that there are no genuine issues of material fact regarding Plaintiff's bad faith claim. As such, the Court disregarded them. The fact remains that the evidence of record, including but not limited to evidence proffered by Geico, was remarkably sparse. Basically, it consists of verified allegations in the Complaint and Geico's sole response that the various letters referenced in the Complaint "speak for themselves." Regrettably, neither party actually submitted any of these letters as part of the record in this case.

Indeed, Geico offered no evidence as part of its motion for summary judgment that it communicated *anything* about its position to Plaintiff when, according to the verified Complaint, it declined to make any offer. Notably, Geico did not deny in its Answer that it declined to make

5

an offer; it only states that its letter speaks for itself. Perhaps it does, but it was not part of the summary judgment record.

As addressed in the Opinion, it was Geico's burden to show that not only was there a disagreement about value, *but that it communicated this disagreement to Plaintiff.* The fact that the Opinion states that Geico had to illustrate that it "communicated its disagreement to plaintiff, *for example,* by making a counter-offer" is not a misstatement of existing law. As explicitly stated, this is what Geico could have communicated to Plaintiff. It also could have communicated, for example, an outright denial based on a disagreement as to value or any number of other things. However, because Geico failed to offer any evidence that it communicated anything to Plaintiff, the only facts in the summary judgment record are that eight months after receiving a claim and various information about that claim, Geico declined to make an offer. Whether or not Geico acted in bad faith in declining to do so remains unresolved.

In its motion for reconsideration, Geico belatedly submits its letter of September 25, 2018 to counter to Plaintiff's unverified statements in its brief, and presumably, to support its motion for summary judgment. Geico is not entitled to a second bite of the apple by attempting to rely upon its letter now. In order to obtain judgment as a matter of law on the bad faith claim, Geico was required to show that it had a reasonable basis for denying benefits to Plaintiff. It failed to submit uncontroverted evidence that it did so.

To be clear, the Opinion resolving the summary judgment motion was directly tied to the dearth of conclusive evidence regarding the seminal issue: did Geico demonstrate that it is entitled to judgment as a matter of law on the bad faith claim based upon the evidence of record and controlling law? Simply put, it did not do so, and it cannot relitigate the issue now.

For these reasons, Geico's motion for reconsideration is DENIED.

DATED this 1st day of April, 2020.        BY THE COURT:

                                          /s/ Patricia L Dodge
                                          PATRICIA L. DODGE
                                          United States Magistrate Judge